## Catlett *et al. v.* Alexander.

Where the suit was in the name of a Bank for the use of A. and the sheriff under a mistaken impression, that the judgment belonged to the Bank, received its notes in payment, which were depreciated; but learning his error, made a special return of the facts, stating that the execution was not paid: it was determined not to be a satisfaction of the judgment.

It seems that the sheriff's receipt may be explained by parol evidence.

IN ERROR from the circuit court of the county of Hinds.

In this case, the original writ and declaration, are in the names of "The Mississippi & Alabama Rail Road Company, which sues for the use of Isaac F. Alexander" against "John B. Catlett, principal, and Alfred A. Catlett, security," and the action is founded on a promissory note for $1,100, payable to said Company at their Banking house, in Brandon. The writ was served on defendants, and judgment went against them by default. Execution issued on the judgment, and recited that the same was for the use of said Alexander; the sheriff levied on property, and took of the defendant a forthcoming bond, which bond also recites the name of the *usee*, Alexander, and the same was returned forfeited. Execution issued on this bond, reciting again the name of Alexander as the person for whose use the suit was brought, on which the sheriff made the following return, to wit: "A. A. Catlett paid on this execution, in notes of the Mississippi & Alabama Rail Road Company, $1,225, which was received, believing that the case belonged to said Company, as the execution did not show it was for the use of any person. Said amount remains in my hands, subject to the order of said Catlett, and this execution not satisfied as to principal and interest. Satisfied as to costs." Another execution issued on said judgment for plaintiff's money and costs; which was stayed by the present writ of error and supercedeas.

It appears by the record, that at the November term, 1839, of said circuit court, the plaintiff below moved the court to amend

the original *fieri facias* by inserting the name of said Alexander, the usee, in the proper place, which amendment was allowed. It also appears, that at the same term, the defendants below moved the court to quash the last execution, because they had paid, and held the sheriff's receipt for the notes aforesaid, which receipts were exhibited to the court, with the sheriff's return, &c. which motion the court overruled. To which decision of the court the defendants below excepted, and issued out, afterwards, this writ of error.

The errors assigned, are

1. That the circuit court overruled the motion to quash the *fieri facias*, when that motion ought to have been sustained.

2. That the amendment of the *fieri facias* was incompetent to avoid the payment proved.

Mayes & Lea for plaintiffs in error,

Contended that the *fieri facias* should have been quashed, inasmuch as the reception of the bank notes by the sheriff was a satisfaction of judgment.

G. S. Yerger, *contra.*

It is immaterial whether the original execution was amended or not, or whether the court ought or ought not to have amended it. The simple question is, whether the judgment, which was obtained for the use of Alexander, is paid or not. If it is satisfied, no other execution could issue on it; and, the simple question is, whether the payment made in Brandon notes, by mistake, under a supposition, that the judgment belonged to that Bank, operates as a satisfaction of Alexander's judgment.

1. It is clear, that the sheriff has no right to receive any thing but money, or its equivalent, without the authority of Alexander, because the execution requires him to make the money. 1 Cowen, 498, 499; 10 Yerger's Rep. 393; 1 Cowen, 46.

2. In this case the debt was not the Bank's. The sheriff was only authorised to receive the notes of the Bank, where the debt was due her. If an execution issues by mistake, and the sheriff receives the notes, under an erroneous belief that the debt was the Bank's; this does not amount to a payment. If A. obtained

judgment, and an execution issues by mistake in the name of B., payment to B. would not satisfy the judgment. The party for whose use suit is brought, is the real party on record. 1 Cowen, 46.

3. The receipt of the sheriff may be explained by parol evidence, and the mistake shown. Toby *v.* Barber, 5 John. Rep.; 12 John. Rep. 531; Bowen *v.* Bell, 20 John. Rep.; 9 Cowen, 274; 17 Mass. Rep. 257; 1 Peters C. C. Rep. 182; 7 Dowley & Ryland, 141; 10 Yerger's Rep. 166; 2 Starkey's Ev. 702.

Mr. Justice TURNER stated the case and delivered the opinion of the court.

The practice of suing in courts of justice for the use of others, has long prevailed in this and other states, and the courts of common law have decided that, they will protect the interests of equitable assignees. In this case, the defendants below had full notice, by the original writ and declaration, that the suit was brought against them for the use of J. F. Alexander, and they suffered judgment to go by default. Good faith required, therefore, that they should pay and satisfy Alexander, and not the Mississippi & Alabama Rail Road Company. The act of the sheriff in receiving Brandon Bank notes, under a mistaken belief, that the Brandon Bank was the real plaintiff, cannot prejudice the rights of Alexander; and the sheriff, having ascertained his mistake, made a special return of the facts to the court, and that the *fieri facias* was not satisfied. The sheriff's receipt does not alter the case. These matters, and all such, which transpire in vacation, are subject to the action of the court, on the return of the process; and it is in the power of the court, and it is their duty to hear evidence, and to do as the judge did on the present occasion.

The judgment of the court below is affirmed.